BALDOMERO RIVERA SOTO, Petitioner *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; AMÉRICO RODRÍGUEZ SANTIAGO, Injured Workman.

No. 370.—Argued June 6, 1947.—Decided July 9, 1947.

*Edelmiro Soldevila* for petitioner. *F. Fernández Vargas* for the injured workman.

Mr. Justice De Jesús delivered the opinion of the Court.

On February 28, 1946, an injured workman filed in the Industrial Commission a claim for a labor accident which he alleged having suffered on May 15, 1943, while he worked as overseer for Baldomero Rivera Soto, an uninsured employer. The accident consisted in that while he was going about the farm watching some cattle that had gone astray, he stepped on a wire covered with grass which pinched the big toe of his right foot. As a consequence of this, his right leg was affected by gangrene and had to be amputated. He explained that his delay in presenting his claim was due to the fact that the employer had offered to give him four or five acres of land and $200 or $300 and to pay the hospitalization expenses. But, in view of the fact that the employer did not keep his word, he decided to file a claim.

The theory of the employer is to the effect that he did not employ any workman for in his farm there only worked his sons to each of whom he paid $3 weekly; that the workman worked by himself making charcoal with the wood furnished by the petitioner and that in exchange for his work he received an equal share of the charcoal produced.

The Industrial Commission, after hearing a lengthy evidence from both parties, made the following findings supported by the evidence, to wit:

(*a*) That the injured workman suffered a labor accident at the time alleged by him and while he worked for petitioner,

an uninsured employer, and as a result of this accident he suffered the loss of the right limb.

(b) That the employer was using more than four workmen.

Based on these findings of fact, the Commission, on October 8, 1946, rendered a decision ordering the Manager of the State Insurance Fund to liquidate the case and collect from the employer the amount resulting from the liquidation as provided by law. It further decided to grant attorney's fees in the amount of 15 per cent of the compensation corresponding to the workman, which amount should be deducted by the Manager from the amount to be paid.

In support of this appeal petitioner argues that the right to receive compensation which the workman might have, had prescribed at the time of filing his petition.

As rightly asserted by the workman's attorney, the right to compensation in a labor accident is not contemplated by § 1802 of the Civil Code, which provides for actions for damages based on fault or negligence. Under the Workmen's Accident Compensation Act, an employer does not have to be guilty of fault or negligence in order that the workmen be entitled to compensation. Section 1868 of the Civil Code, which provides that an action for damages arising from fault or negligence prescribes in one year, is not applicable. Since the Act does not fix a term within which to file a petition in cases of claims against uninsured employers, § 1864 of the Civil Code is applicable since it provides that personal actions to which no specific term of prescription has been fixed, prescribe in fifteen years.

It seems that the petitioner does not consider as workmen, for the purpose of the Workmen's Accident Compensation Act, employer's sons who worked for him for pay. Hence he urges that the Industrial Commission erred in deciding that petitioner was bound to be insured.

Said Act does not exclude from its benefits the sons of an

employer.[1] Consequently, if he was using four[2] or more workmen at the time of the accident, whether all or some of them were sons of the employer, the latter was bound to be insured.

██ Lastly, although the evidence is contradictory, that of the workman tended to support the conclusion that because of the injury received in his toe, gangrene supervened as a result of which his toe, and shortly thereafter his leg, were amputated. Since this conclusion is supported by the evidence introduced, we cannot disturb the decision in the matter of a finding of fact.

The decision under review is affirmed.

[1] See § 2 of Workmen's Accident Compensation Act.
[2] Act No. 162 of May 14, 1943 (Laws of 1943, p. 524), reduced to three the number of workmen or employees required for an employer to be insured.